IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CRONOS TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No._____ |
| | ) | |
| v. | ) | |
| | ) | |
| VITAMIN SHOPPE, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Cronos Technologies, LLC ("Plaintiff" or "Cronos"), by and through its undersigned counsel, files this Complaint for patent infringement against Defendant Vitamin Shoppe, Inc. ("Vitamin Shoppe" or "Defendant") as follows:

### NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 5,664,110 entitled *"Remote Ordering System"* (hereinafter, the "'110 patent") or the ("Patent-in-Suit"). A copy of the '110 patent, is attached hereto as Exhibit A. Plaintiff is the owner of the Patent-in-Suit. Plaintiff seeks injunctive relief and monetary damages.

### PARTIES

2. Cronos is a limited liability company organized under the laws of the State of Delaware. Plaintiff maintains an address at 717 N. Union St. #65, Wilmington, Delaware 19805.

3. Plaintiff is the owner of the Patent-in-Suit and is entitled to bring suit against the Defendant for infringement and to recover past damages.

4. Upon information and belief, Defendant Vitamin Shoppe is a corporation duly organized and existing under the laws of Delaware, having a place of business located at 2101 91st Street, North Bergen, New Jersey 07047. Upon information and belief, Vitamin Shoppe does business through its website, www.vitaminshoppe.com, which is accused of infringing the Patent-in-Suit.

## JURISDICTION AND VENUE

5. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

6. The Court has personal jurisdiction over Defendant because: Defendant has minimum contacts within the State of Delaware and the District of Delaware; Defendant has purposefully availed itself of the privileges of conducting business in the State of Delaware and in the District of Delaware; Defendant has sought protection and benefit from the laws of the State of Delaware; Defendant regularly conducts business within the State of Delaware and within the District of Delaware; and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Delaware and in the District of Delaware.

7. More specifically, Defendant, directly and/or through its intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services in the United States, the State of Delaware, and the District of Delaware. Upon information and belief, Defendant has committed patent infringement in the State of Delaware and in the District of Delaware, has contributed to patent infringement in the State of Delaware and in the District of Delaware, and/or has induced others to commit patent infringement in the State of Delaware and in the District of Delaware. Defendant solicits

customers in the State of Delaware and in the District of Delaware. Defendant has many paying customers who are residents of the State of Delaware and the District of Delaware and who use Defendant's products and services in the State of Delaware and in the District of Delaware.

8. Venue is proper in the District of Delaware pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I:
## INFRINGEMENT OF U.S. PATENT NO. 5,664,110
## BY VITAMIN SHOPPE

9. The '110 patent was duly and legally issued by the United States Patent and Trademark Office on December 8, 1994 after full and fair examination. Plaintiff is the owner of the '110 patent and is entitled to bring suit against the Defendant for infringement and recover past damages.

10. Plaintiff is informed and believes that Vitamin Shoppe owns, operates, advertises, and controls its website, www.vitaminshoppe.com, that infringes the '110 patent either literally or under the doctrine of equivalents. Upon information and belief, Vitamin Shoppe has infringed and continues to infringe one or more claims of the '110 patent by making, using, providing a remote ordering terminal through its website, www.vitaminshoppe.com, that utilizes a database unit providing a user-specific database in this district and elsewhere in the United States.

11. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

12. Plaintiff is entitled to recover from the Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

13. Defendant's infringement of Plaintiff's exclusive rights under the '110 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

14. Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief:

A. An adjudication that one or more claims of the '110 patent have been infringed, either literally and/or under the doctrine of equivalents, by the Defendant and/or by others to whose infringement the Defendant has contributed and/or by others who infringement has been induced by Defendant;

B. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement together with prejudgment interest;

C. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of (1) infringement, (2) contributory infringement, and (3) actively inducing infringement with respect to the claims of the Patent-in-Suit;

D. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with U.S.C. § 285; and,

E. Any further relief that this Court deems just and proper.

Respectfully submitted this 9th day of April, 2012.

**KLEHR HARRISON
HARVEY BRANZBURG LLP**

*/s/ Sean M. Brennecke*
David S. Eagle (Bar No. 3387)
Sean M. Brennecke (Bar No. 4686)
919 Market Street, Suite 1000
Wilmington, DE 19801-3062
(302) 552-5508
(302) 426-9193 (Fax)
deagle@klehr.com
sbrennecke@klehr.com

-and-

Douglas L. Bridges
**HENINGER GARRISON DAVIS, LLC**
169 Dauphin Street
Suite 100
Mobile, Alabama 36602
Phone: (251) 298-8701
Facsimile: (205) 326-3332
E-mail: dbridges@hgdlawfirm.com

-and-

Jacqueline K. Burt, Esq.
**HENINGER GARRISON DAVIS, LLC**
3350 Riverwood Parkway, Suite 1900
Atlanta, Georgia 30339
Office: (404) 996-0861
Fax: (205) 547-5502
Email: jburt@hgdlawfirm.com

***Attorneys for Plaintiff Cronos Technologies, LLC***