**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **CRONOS TECHNOLOGIES, LLC,** <br><br> **Plaintiff,** <br><br> v. <br><br> **VITAMIN SHOPPE, INC.,** <br><br> **Defendant.** | ) | **Civil Action No. 1:12-00444-LPS** <br><br> **JURY TRIAL DEMANDED** |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Cronos Technologies, LLC ("Plaintiff" or "Cronos"), by and through its undersigned counsel, files this Complaint for patent infringement against Defendant Vitamin Shoppe, Inc. ("Vitamin Shoppe" or "Defendant") as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 5,664,110 entitled "*Remote Ordering System*" (hereinafter, the "'110 patent"; referred to as the "Patent-in-Suit"). A copy of the '110 patent, is attached hereto as Exhibit A. Plaintiff is the exclusive licensee of the Patent-in-Suit with respect to the Defendant. Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2. Cronos is a limited liability company organized under the laws of the State of Delaware. Plaintiff maintains its principal place of business at 717 N. Union St. #65, Wilmington, Delaware 19805.

3. Plaintiff is the exclusive licensee under the Patent-in-Suit with respect to the Defendant, including the exclusive right to sue the Defendant for infringement and recover past damages.

4. Upon information and belief, Defendant Vitamin Shoppe is a corporation duly organized and existing under the laws of Delaware, having a place of business located at 2101 91st Street, North Bergen, New Jersey 07047. Upon information and belief, Vitamin Shoppe does business through its website, www.vitaminshoppe.com, which is accused of infringing the Patent-in-Suit.

**JURISDICTION AND VENUE**

5. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

6. The Court has personal jurisdiction over Defendant because: Defendant has minimum contacts within the State of Delaware and the District of Delaware; Defendant has purposefully availed itself of the privileges of conducting business in the State of Delaware and in the District of Delaware; Defendant has sought protection and benefit from the laws of the State of Delaware; Defendant regularly conducts business within the State of Delaware and within the District of Delaware; and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Delaware and in the District of Delaware.

7. More specifically, Defendant, directly and/or through its intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services in the United States, the State of Delaware, and the District of Delaware. Upon information and belief, Defendant and/or its customers have committed patent

infringement in the State of Delaware and in the District of Delaware. Defendant solicits customers in the State of Delaware and in the District of Delaware. Defendant has many paying customers who are residents of the State of Delaware and the District of Delaware and who use Defendant's products and services in the State of Delaware and in the District of Delaware.

8. Venue is proper in the District of Delaware pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 5,664,110

9. The '110 patent was duly and legally issued by the United States Patent and Trademark Office on December 8, 1994 after full and fair examination. Plaintiff is the exclusive licensee under the '110 patent with respect to the Defendant, including the exclusive right to sue Defendant for infringement and recover past damages.

10. Plaintiff is informed and believes that Vitamin Shoppe owns, operates, advertises, and controls its website, www.vitaminshoppe.com, that infringes the '110 patent either literally or under the doctrine of equivalents. Upon information and belief, Vitamin Shoppe has infringed and continues to infringe one or more claims of the '110 patent by making, using, and providing a remote ordering terminal, associated with Vitamin Shoppe and its order processing system with attendant item codes, comprised of a user identifier means, a data entry device, a user-specific database, a storage memory, a communication means between the devices and terminal, and a command entry device, in this district and elsewhere in the United States through its website.

11. Upon information and belief, Vitamin Shoppe has induced and continues to induce infringement of one or more claims of the '110 patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use a remote ordering terminal,

associated with Vitamin Shoppe and its order processing system with attendant item codes, comprised of a user identifier means, a data entry device, a user-specific database, a storage memory, a communication means between the devices and terminal, and a command entry device, said terminal having been provided by Vitamin Shoppe to its customers for the primary purpose of causing infringing acts by said customers. Vitamin Shoppe has had knowledge of the '110 patent since commencement of this action at least and, upon information and belief, continues to encourage, instruct, enable and otherwise cause its customers to use its products in a manner which infringes the '110 patent. Upon information and belief, Vitamin Shoppe has specifically intended that its customers use the accused products in such a way that infringes the '110 patent by, at minimum, providing instructions to its customers on how to use the accused products in such a way that infringes the '110 patent and knew that its actions, including but not limited to providing such instructions, would induce, have induced, and will continue to induce infringement by its customers.

12. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

13. Plaintiff is entitled to recover from the Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

14. Defendant's infringement of Plaintiff's exclusive rights under the '110 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

15. Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief:

A. An adjudication that one or more claims of the '110 patent have been infringed, either literally and/or under the doctrine of equivalents, by the Defendant;

B. An adjudication that one or more claims of the '110 patent have been infringed, by customers of the Defendant, said customers having been induced to infringe by the intentional actions of the Defendant;

C. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement together with prejudgment interest pursuant to 35 U.S.C. § 284;

D. A grant of a permanent injunction, pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of infringement with respect to the claims of the Patent-in-Suit;

E. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

F. Any further relief that this Court deems just and proper.

Respectfully submitted this 13th day of August, 2012.

**KLEHR HARRISON**
**HARVEY BRANZBURG LLP**

/s/ Sean M. Brennecke
David S. Eagle (Bar No. 3387)
Sean M. Brennecke (Bar No. 4686)
919 Market Street, Suite 1000
Wilmington, DE 19801
Phone: (302) 552–5508, (302) 552–5518
Fax: (302) 426-9193
Email: deagle@klehr.com
Email: sbrennecke@klehr.com

- and -

Douglas L. Bridges
**HENINGER GARRISON DAVIS, LLC**
169 Dauphin Street, Suite 100
Mobile, Alabama 36602
Phone: (251) 298-8701
Facsimile: (205) 326-3332
E-mail: dbridges@hgdlawfirm.com

- and -

Jacqueline K. Burt, Esq.
**HENINGER GARRISON DAVIS, LLC**
3350 Riverwood Parkway, Suite 1900
Atlanta, Georgia 30339
Office: (404) 996-0861
Fax: (205) 547-5502
Email: jburt@hgdlawfirm.com

***Attorneys for Plaintiff Cronos Technologies, LLC***