IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRONOS TECHNOLOGIES, LLC, | : |
| Plaintiff, | : |
| v. | : C.A. No. 12-444-LPS |
| VITAMIN SHOPPE, INC., | : |
| Defendant. | : |

**MEMORANDUM ORDER**

Presently before the Court are the following motions: (1) Defendant Vitamin Shoppe, Inc.'s ("Defendant") motion to dismiss Plaintiff's Complaint for failure to state a claim (D.I. 11); and (2) Plaintiff Cronos Technologies, LLC's ("Plaintiff") motion to dismiss Defendant's counterclaims for failure to state a claim (D.I. 17). For the reasons discussed below, the Court will deny both motions.

1. Plaintiff filed this patent infringement action on April 9, 2012, alleging infringement of U.S. Pat. No. 5,664,110 ("the '110 patent"). (D.I. 1) On July 27, 2012, Defendant moved to dismiss the Complaint for failure to state a claim. (D.I. 11) On August 13, 2012, Plaintiff filed an Amended Complaint. (D.I. 14) Defendant filed an Answer to the Amended Complaint and Counterclaim on August 30, 2012, raising "failure to state a claim" as an affirmative defense. (D.I. 16) On September 20, 2012, Plaintiff moved to dismiss Defendant's counterclaims for failure to state a claim. (D.I. 17) Defendant filed an Amended Answer and Counterclaim on October 9, 2012. (D.I. 19) Plaintiff filed an Answer to the amended counterclaims on October 26, 2012. (D.I. 21) Plaintiff's Answer included "failure to state a claim" as an affirmative defense.

2. Defendant contends that Plaintiff has failed to state a claim for: (1) direct infringement; (2) contributory infringement; and (3) induced infringement. Defendant also seeks to dismiss the Complaint to the extent it alleges infringement of a method claim because "a single entity must perform all elements of a claim." (D.I. 12 at 12) To the extent Defendant's motion (D.I. 11) is not moot as a result of the filing of the Amended Complaint, this motion is denied. With respect to direct infringement, Plaintiff's Amended Complaint satisfies the requirements of Form 18, which is all that is necessary. *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356-57 (Fed. Cir. 2007). With respect to contributory infringement, Plaintiff has removed this claim in the Amended Complaint. For induced infringement, Plaintiff's Amended Complaint includes additional facts addressing knowledge, intent, and direct infringement. Accepting the allegations in Plaintiff's Amended Complaint as true, and drawing all reasonable inferences in Plaintiff's favor, the Court finds that Plaintiff has adequately pled induced infringement. As for Defendant's request to dismiss the Complaint with respect to the method claims, this request is premature. The '110 patent includes both apparatus and method claims and Plaintiff is not required to identify any specific asserted claim in the Amended Complaint.[1]

3. Plaintiff contends that Defendant has failed to state a claim for: (1) declaratory judgment of non-infringement; and (2) declaratory judgment of invalidity. To the extent Plaintiff's motion (D.I. 17) is not moot as a result of the filing of the Amended Answer, this motion is denied. For non-infringement, Defendant has amended its Answer to specifically identify the non-infringing products. For invalidity, Defendant has amended its Answer to include specific references to prior art, statutes, and legal principles.

---

[1] *See also Akamai Techs., Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301, 1306 (Fed. Cir. 2012) ("[W]e hold that . . . it is not necessary to prove that all the steps were committed by a single entity.")

Accordingly, Defendant's motion to dismiss Plaintiff's Complaint (D.I. 11) is DENIED and Plaintiff's motion to dismiss Defendant's counterclaims (D.I. 17) is DENIED.

March 29, 2013

_____
UNITED STATES DISTRICT JUDGE